# EXHIBIT A

# COMPLAINT

# EXHIBIT A

Electronically Filed
5/2/2019 3:09 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
Peter J. Goatz (NV Bar No. 11577)
Email: pgoatz@lacsn.org
**LEGAL AID CENTER OF SOUTHERN NEVADA, INC.**
725 E. Charleston Blvd.
Las Vegas, Nevada 89104
Telephone: (702) 386-1519
Facsimile: (702) 386-1519

*Attorneys for Daniel Carver*

CASE NO: A-19-794082-C
Department 10

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| DANIEL CARVER, | Case No. |
| Plaintiff, | Dept. |
| v. | **COMPLAINT** |
| RICHLAND HOLDINGS, INC. dba ACCTCORP OF SOUTHERN NEVADA, | **JURY DEMAND** |
| Defendant. | **EXEMPT FROM ARBITRATION**<br>**(Equitable Relief Requested – NAR 3A)** |

Daniel Carver ("Carver" or "Plaintiff") for his *Complaint* alleges as follows:

### Jurisdiction

(1) This action arises out of defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

(2) Federal law explicitly permits a consumer claim under the FDCPA to "be brought in any appropriate United States district court . . . or in any other court of competent jurisdiction . . ." 15 U.S.C. § 1692k(d).

(3) Jurisdiction in this Court is proper under the Nevada Constitution, Article 6, Section 6.

(4) Venue is proper in this judicial district because a substantial portion of the events and omissions giving rise to this action occurred within this district.

## Parties

(5) Carver is a natural person who at all times relevant resided in Clark County, Nevada.

(6) Carver is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

(7) Richland Holdings, Inc. ("Richland Holdings") is a Nevada corporation, which is and was at all times relevant operating in Clark County, Nevada.

(8) According to a fictitious firm name certificate on file with the Clerk of Clark County, Nevada, Richland Holdings does business in Clark County, Nevada as "AcctCorp of Southern Nevada."

(9) Richland Holdings regularly collects or attempts to collect debts owed or due or asserted to be owed or due another as defined in 15 U.S.C. § 1692a(6).

(10) Richland Holdings is a "debt collector" as defined by 15 U.S.C. §1692a(6).

(11) Richland Holdings regularly engages in and transacts business in Nevada through the use of the United States mails, telephone, trial courts of the state and other instrumentalities of interstate commerce.

(12) All of the acts, omissions, and failures to act alleged in this Complaint were duly performed by and are attributable to Richland Holdings acting by and through its agents and employees, which were done within the scope of their agency or employment, and for which Richland Holdings ratified.

## General Facts

(13) On May 9, 2018, Richland Holdings filed its *Complaint for Breach of Contract and Monies Due and Owing* ("Debt Collection Complaint"), which initiated the case of *Richland Holdings, Inc. v. Carver*, Las Vegas Justice Court, Clark County, Nevada, Case No. 18C013333.

(14) In the Debt Collection Complaint, Richland Holdings asserts that on November 15, 2016, John F. Pinto MD assigned it a delinquent account allegedly tied to a services agreement with Carver dated December 29, 2014.

(15) In the Debt Collection Complaint, Richland Holdings alleges that $575.00 was due and owing John F. Pinto MD from Carver.

(16) The amounts Richland Holdings alleges it has the right to collect on behalf of John F. Pinto MD is a "debt" as defined by 15 U.S.C. § 1692a(5).

(17) According to records with the Nevada State Board of Medical Examiners, John F. Pinto MD was a licensed medical doctor from September 19, 1987 to June 30, 2017.

(18) Upon information and belief, John F. Pinto MD died on July 30, 2018.

(19) Upon information and belief, John F. Pinto MD solely owned and operated a Nevada professional corporation called John F. Pinto, M.D., F.C.C.P., a Professional Corporation.

(20) According to records with the Nevada Secretary of State, John F. Pinto, M.D., F.C.C.P., a Professional Corporation's business license expired on December 31, 2018, and is currently in default.

(21) At all times relevant, Carver was a recipient of, and insured by, Nevada Medicaid, a state plan for medical assistance under 42 U.S.C. § 1396a.

(22) John F. Pinto MD accepted Carver as a Medicaid patient.

(23) Upon information and belief, John F. Pinto, M.D., F.C.C.P., a Professional Corporation billed Nevada Medicaid for services provided to Carver.

(24) Upon information and belief, John F. Pinto MD billed Nevada Medicaid for services provided to Carver.

(25) When Carver learned of the Debt Collection Complaint, he experienced anxiety and stress.

### First Claim for Relief
(Fair Debt Collection Practices Act)

(26) The primary purpose of the Fair Debt Collection Practices Act ("FDCPA") is to "eliminate abusive debt collection practices by debt collectors . . . and to promote

consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

(27) Richland Holdings, without limiting the scope of any additional violations which may have been committed, violated the FDCPA by engaging in unfair, deceptive, unconscionable and abusive debt collection practices expressly prohibited by the FDCPA.

(28) Richland Holdings violated the FDCPA by attempting to collect a debt not permitted by law. 15 U.S.C. § 1692f(1).

(29) The Medicaid Act prohibits health care providers from engaging in the practice of "balance billing," or collecting additional amounts from Medicaid patients for covered benefit to make up for the difference between chargemaster or list charges and Medicaid rates. 42 U.S.C. § 1396a(a)(25)(C); 42 C.F.R. § 447.15.

(30) Richland Holdings violated the FDCPA by attempting to collect against balance billing for services allegedly rendered to Carver by Dr. Pinto in violation of the law.

(31) Richland Holdings violated the FDCPA by communicating credit information regarding the alleged debt to a credit reporting agency which it knew or which should have known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8).

(32) Richland Holdings communicated information regarding the alleged debt owed to John F. Pinto MD by Carver to the credit reporting agencies, which it knew or should have known to be false.

(33) Richland Holdings communicated to the credit reporting agencies that the debt was classified as "Medical or Health Care."

(34) Richland Holdings violated the FDCPA by making a false, deceptive, or misleading representation as to the character, amount, or legal status of the alleged debt owed to John F. Pinto MD by Carver. 15 U.S.C. § 1692e(2)(A).

(35) Carver reserves the right to assert additional facts and damages not referenced in this *Complaint*, and to present evidence of the same, at the time of trial.

(36) Carver is entitled to statutory damages of $1,000.00 in accordance with 15 U.S.C. § 1692k.

(37) Carver is entitled to actual damages including, but not limited to, emotional distress and damage to his credit, plus interest, in excess of $15,000.

(38) Carver is entitled to his costs and reasonable attorney's fees in accordance with 15 U.S.C. § 1692k.

## Second Claim for Relief
(Consumer Fraud)

(39) Consumer fraud is defined by statute and includes a deceptive trade practice. NRS 41.600(2)(e).

(40) A person engages in a deceptive trade practice when in the course of their business or occupation they knowingly violate a state or federal statute or regulation relating to the sale of goods or services. NRS 598.0923(3).

(41) Richland Holdings knows the laws relating to the collection of debts.

(42) Under Nevada law, a violation of any provision of the FDCPA or any regulation adopted pursuant to the FDCPA is a violation of NRS Chapter 649. NRS 649.370.

(43) As detailed above, Richland Holdings violated the FDCPA, and thus also NRS 649.370, by:

    (a) attempting to collect a debt not permitted by law. 15 U.S.C. § 1692f(1);

    (b) communicating credit information regarding the alleged debt to a credit reporting agency which it knew or which should have known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8); and

    (c) making a false, deceptive, or misleading representation as to the character, amount, or legal status of the alleged debt owed to John F. Pinto MD by Carver. 15 U.S.C. § 1692e(2)(A).

(44) Due to the actions of Richland Holdings as detailed above, Carver is a victim of consumer fraud.

(45) Carver has suffered actual and compensatory damages, including emotional distress and damage to his credit, plus interest, in an amount exceeding $15,000.00 to be proven at trial.

(46) Carver is entitled to recovery of his attorney's fees and costs due to the consumer fraud in accordance with NRS 41.600.

(47) Carver demands exemplary and punitive damages consistent with NRS 42.005.

(48) Carver is entitled to equitable relief as provided by law.

### Prayer for Relief

Carver demands judgment against Richland Holdings as follows:

(A) For damages in excess of $15,000.00 as provided by law.

(B) For actual, consequential, and incidental damages in excess of $15,000.00 as provided by law.

(C) For statutory damages of $1,000.00 as provided by 15 U.S.C. § 1692k.

(D) For reasonable attorney's fees and costs incurred as provided by law, including, but not limited to, NRS 41.600 and 15 U.S.C. § 1692k.

(E) For prejudgment and post-judgment interest as provided by law.

(F) For an injunction barring Richland Holdings from collecting any principal, collection fee, or interest under or in connection with the services alleged to have been provided by John F. Pinto MD to Carver.

(G) For an injunction ordering Richland Holdings to request that credit reporting agencies remove derogatory information from Carver's credit report.

(H) For such other and further relief the Court deems just and proper.

## Jury Demand

In accordance with NRCP 38, Plaintiff demands a trial by jury on all issues so triable.

Dated May 2, 2019.

**LEGAL AID CENTER OF SOUTHERN NEVADA, INC.**

Peter J. Goatz (NV Bar No. 11577)
725 E. Charleston Blvd.
Las Vegas, Nevada 89104

*Attorneys for Daniel Carver*

## Jury Demand

In accordance with NRCP 38, Plaintiff demands a trial by jury on all issues so triable.

Dated May 2, 2019.

**LEGAL AID CENTER OF SOUTHERN NEVADA, INC.**

Peter J. Goatz (NV Bar No. 11577)
725 E. Charleston Blvd.
Las Vegas, Nevada 89104

*Attorneys for Daniel Carver*